UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
R. ALEXANDER ACOSTA, Secretary of Labor,   *
United States Department of Labor,         *
                                           *
              Plaintiff,                   *
                                           *       CIVIL ACTION
      v.                                   *
                                           *       NO.  1:19-cv-00693
UNITIL SERVICE CORPORATION,                *
                                           *
              Defendant.                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor, brings this action to enjoin Defendant Unitil Service Corporation from violating the overtime and recordkeeping requirements of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, hereinafter called "the Act," and to recover wages that Defendant failed to pay employees.  *See* 29 U.S.C. §§ 207, 211, 215(a)(2), 215(a)(5), and 217.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. § 1331.

II.

Defendant Unitil Service Corporation is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 6 Liberty Lane West, Hampton, New Hampshire, 03842, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that location in the operation of a distribution company for gas and

electric utilities in Maine, Massachusetts and New Hampshire. Defendant has at all times hereinafter mentioned, employed employees in positions including Electrical Distribution Dispatcher and Gas Controller. Unitil Service Corporation has, at all times hereinafter mentioned, set its employees' methods of compensation and policies regarding compensation, set the specific levels of compensation for its employees, established policies with regard to bonuses for employees, handled payment of these employees and maintained records of employment.

III.

Defendant is, and at all times since at least January 5, 2017 was, engaged in related activities performed through unified operation or common control for a common business purpose, and is, and at all times hereinafter mentioned was, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

At all times since at least January 5, 2017, Defendant employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, such as the distribution of gas and electric utilities in Maine, Massachusetts and New Hampshire.  Said enterprise, at all times hereinafter mentioned, had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).  Accordingly, the employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

## **Violations of Sections 7(a) and 15(a)(2) of the Act, Failure to Pay Overtime**

IV.

Beginning no later than January 5, 2017, and continuing at least until June 2, 2018, Defendant has repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing approximately 54 employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of 40 hours in said workweeks, as set out more specifically below. Defendant has not provided any documentation of compliance with Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), since June 2, 2018, so all such violations may be ongoing.

V.

During the period beginning no later than January 5, 2017 to at least June 2, 2018, approximately 10 employees of Defendant did not receive proper overtime compensation for work performed during some portion of that period, as specified below, since they were classified by Defendant as salaried employees exempt from the overtime provisions of the Act. The positions held by these employees were Electrical Distribution Dispatcher (held by approximately five employees) and Gas Controller (held by approximately five employees).

VI.

During the period beginning no later than January 5, 2017 to at least June 2, 2018, the primary duties of Electrical Distribution Dispatchers employed by Defendant included monitoring electrical substations and power flow at transmission supply points to ensure flow of electricity, and dispatching outage calls.

VII.

During the period beginning no later than January 5, 2017 to at least June 2, 2018, the primary duties of Gas Controllers employed by Defendant included monitoring and controlling the gas flow through the gas system to ensure that customer demands were met, as well as dispatching gas customer technicians when needed due to a failure in the system.

VIII.

During the period beginning no later than January 5, 2017 to at least June 2, 2018, the Defendant failed to keep records of actual hours worked for employees working as Electrical Distribution Dispatchers and Gas Controllers.  For purposes of this case, hours worked by Electrical Distribution Dispatchers and Gas Controllers were reconstructed by Plaintiff, in part by using Defendant's records of scheduled hours and other evidence gathered during Plaintiff's investigation of Defendant.

IX.

During the period beginning no later than January 5, 2017 to at least May 26, 2018, Electrical Distribution Dispatcher Michael Bechard worked approximately between 45.25 and 67 hours per week for Defendant, and was not paid time and one-half the regular rate at which Michael Bechard was employed for hours over 40 per week.

X.

During the period beginning no later than January 5, 2017 to at least June 2, 2018, Electrical Distribution Dispatcher Edward Diaz worked approximately between 49 and 67 hours per week for Defendant, and was not paid time and one-half the regular rate at which Edward Diaz was employed for hours over 40 per week.

XI.

During the period beginning no later than January 5, 2017 to at least May 19, 2018, Electrical Distribution Dispatcher Peter Leger worked approximately between 49 and 67.25 hours per week for Defendant, and was not paid time and one-half the regular rate at which Peter Leger was employed for hours over 40 per week.

XII.

During the period beginning no later than January 5, 2017 to at least May 26, 2018, Electrical Distribution Dispatcher Scott Nichol worked approximately between 42.75 and 79.5 hours per week for Defendant, and was not paid time and one-half the regular rate at which Scott Nichol was employed for hours over 40 per week.

XIII.

During the period beginning no later than January 5, 2017 to at least May 19, 2018, Electrical Distribution Dispatcher Michael Pouliot worked approximately between 49 and 67.25 hours per week for Defendant, and was not paid time and one-half the regular rate at which Michael Pouliot was employed for hours over 40 per week.

XIV.

During the period beginning no later than January 5, 2017 to at least May 19, 2018, Gas Controller Rene Bordeleau worked approximately between 49 and 63.79 hours per week for Defendant, and was not paid time and one-half the regular rate at which Rene Bordeleau was employed for hours over 40 per week.

XV.

During the period beginning no later than January 5, 2017 to at least May 31, 2018, Gas Controller Jason Brooks worked approximately between 49 and 61.23 hours per week for

Defendant, and was not paid time and one-half the regular rate at which Jason Brooks was employed for hours over 40 per week.

XVI.

During the period beginning no later than January 5, 2017 to at least June 2, 2018, Gas Controller Samantha Keach worked approximately between 41.25 and 61.35 hours per week for Defendant, and was not paid time and one-half the regular rate at which Samantha Keach was employed for hours over 40 per week.

XVII.

During the period beginning no later than January 5, 2017 to at least May 26, 2018, Gas Controller Scott Lacouture worked approximately between 49 and 66.31 hours per week for Defendant, and was not paid time and one-half the regular rate at which Scott Lacouture was employed for hours over 40 per week.

XVIII.

During the period beginning no later than January 5, 2017 to at least June 2, 2018, Gas Controller Ryan Tardif worked approximately between 49 and 65.38 hours per week for Defendant, and was not paid time and one-half the regular rate at which Ryan Tardif was employed for hours over 40 per week.

XIX

Defendant has not provided documentation of compliance to Plaintiff with regard to paying overtime premiums to its employees working as Electrical Distribution Dispatchers and Gas Controllers for hours worked over forty per week since June 2, 2018. Therefore these violations may be ongoing.

XX.

During the period beginning no later than January 5, 2017 to at least December 23, 2017, approximately 44 hourly employees of Defendant were paid incentive annual group production bonuses, based on goals that were met company wide.  Defendant, during this period, did not include these nondiscretionary bonuses when calculating these hourly employees' regular rates of pay for overtime premium purposes, as set out in 29 C.F.R. § 778.211(c).

XXI

Defendant has not provided documentation of compliance to Plaintiff with regard to including the bonuses, described in Paragraph XX of this Complaint, in employees' regular rates of pay for overtime calculation purposes during the calendar years 2018 and 2019. Therefore this violation may be ongoing.

**Violations of Sections 11(c) and 15(a)(5) of the Act, Failure to Make and Keep Records**

XXII.

Beginning no later than January 5, 2017 to at least June 2, 2018, Defendant has repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendant failed to make, keep, and preserve adequate and accurate records of actual hours worked by salaried non-exempt employees, such as Electrical Distribution Dispatchers and Gas Controllers, as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516.  Defendant has not provided any documentation of compliance with Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), since June 2, 2018, so all such violations may be ongoing.

## **Prayer For Relief**

XXIII.

During the relevant period beginning no later than January 5, 2017 to at least June 2, 2018, Defendant repeatedly violated the aforesaid provisions of the Act, as alleged, and these violations may be ongoing.

WHEREFORE, cause having been shown, Plaintiff prays that the Court enter an Order and judgment:

(1)     Pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with it, from prospectively violating the Act; and

(2)     Pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with it, from withholding payment of unpaid back wages found due to Defendant's employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

(3)     Awarding Plaintiff the costs and fees associated with this action; and

(4)     Granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | Kate S. O'Scannlain<br>Solicitor of Labor |
| Post Office Address:<br>U.S. Department of Labor<br>Office of the Solicitor<br>JFK Federal Bldg., Room E-375<br>Boston, MA  02203<br>salzberg.susan@dol.gov<br>TEL.: 617-565-2500<br>FAX: 617-565-2142 | Maia S. Fisher<br>Regional Solicitor<br><br>/s/ Susan G. Salzberg<br>Susan G. Salzberg<br>Senior Trial Attorney<br>Mass. BBO No. 556437<br><br>Date: June 28, 2019 |