UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

EUGENE SCALIA, Secretary of Labor, United States Department of Labor,[1]

Plaintiff,

v.

UNITIL SERVICE CORPORATION,

Defendant.

Civil Action No. 1:19-cv-00693-LM

## FINAL CONSENT JUDGMENT AND ORDER

Plaintiff Secretary of Labor, United States Department of Labor (the "Secretary") filed a Complaint (ECF No. 1) in this civil action (the "Action") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that Defendant Unitil Service Corporation ("Unitil") committed violations of the FLSA by failing to keep records and pay overtime compensation to employees holding the positions of Electric Distribution Dispatcher I ("Dispatchers") and Gas Controller I f/k/a Senior Gas Controller ("Controllers"). Unitil received a copy of the Complaint, waived service of process (ECF No. 4), and filed an answer (ECF No. 7), denying the FLSA violations alleged in the Complaint.

To resolve their dispute, the Secretary and Unitil (collectively the "Parties") have agreed to the entry of this Consent Judgment (the "Judgment") by the Court. THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED, that:

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Julie A. Su is automatically substituted as the proper Plaintiff in this case. For ease of reference, the Secretary and her pertinent predecessors will be referred to herein as the "Secretary."

1. This Court has jurisdiction over the subject matter of this Action and over Unitil.

2. The Judgment reflects the negotiated agreement between the Parties.

3. The Parties have agreed to resolve all issues raised in the Secretary's Complaint that remain unresolved by entering into this Judgment to avoid the expense and uncertainty of continued litigation.

4. This Judgment shall not be construed as an admission by Unitil that Dispatchers and/or Controllers are non-exempt employees or used as a waiver or limitation of any defense available to Unitil in any other action, or of Unitil's right to defend itself from, or make any arguments in, any private individual or class action, claims or suits, or any other governmental or regulatory investigations or suits, relating to the subject matter or terms of this Judgment.

5. Unitil shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any non-exempt employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at a rate not less than one and one-half times the employees' regular rates of pay.

6. Unitil shall not fail to make, keep, and preserve records of non-exempt employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Federal Regulations.

7. No later than 60 days after this Judgment is entered by the Court (the "Effective Date"), Unitil shall pay each Dispatcher or Controller the amount of back wages set forth next to each Dispatcher's or Controller's name in the attached Exhibit A (which, in total, amounts to

$42,150), less lawful required deductions and withholdings. The Dispatchers and Controllers listed in Exhibit A entitled to the amounts set forth in Exhibit A were employed at some point during the period of January 1, 2017 to December 31, 2023 (the "Judgment Period") and, as agreed by the Parties for settlement purposes: (a) were not highly compensated employees as defined by 29 C.F.R. § 541.601 for the time periods for which they are receiving payment; and/or (b) did not enter into a separate, individual settlement agreement with Unitil. In connection with payment under this Judgment, Unitil shall provide the Dispatchers and Controllers listed in Exhibit A with a Form WH-58 to sign in the form attached hereto as Exhibit B. As stated in Exhibit B, the Parties acknowledge that acceptance of the payment set forth in Exhibit A by a given Dispatcher or Controller means that such Dispatcher or Controller waives their right to bring suit on their own behalf and recover any unpaid overtime compensation, an equal amount in liquidated damages, and/or attorney's fees and costs for the Judgment Period. This Judgment shall have no effect on any back wages that: (a) may have accrued outside the Judgment Period, or (b) may be owed to any individual not named in Exhibit A.

8. Deductions from the amounts listed on Exhibit A for each employee for social security, Federal income tax, and State income tax shall be paid by Unitil to the appropriate Federal and State revenue authorities. Unitil is responsible for paying its share of FICA to the appropriate authorities.

9. No later than 75 days after the Effective Date, Unitil shall deliver to the United States Department of Labor, Wage and Hour Division, 1155 Elm Street, Suite 501, Manchester, New Hampshire 03101, Attn: WHT Brenda Holbrook, a statement showing the following: Employer's Federal ID number(s); the name of each Dispatcher and Controller listed in Exhibit A, and, only to the extent currently known by Unitil, each Dispatcher and Controller's current or

last known address and social security number; the amount due the Dispatcher or Controller as indicated in Exhibit A; the amount of each deduction taken for the Dispatcher or Controller's share of social security, Federal income tax, and State income tax; and the net amount of back wages each Dispatcher or Controller shall receive.

10. Within 75 days after the Effective Date, Unitil shall deliver to the United States Department of Labor, Wage and Hour Division, 1155 Elm Street, Suite 501, Manchester, New Hampshire 03101, Attn: WHT Brenda Holbrook, proof of each payment required to be made under this Judgment in the form of a copy of the front and back of each cancelled check related to such payments; or electronic transfer evidence of each payment from a bank to a Dispatcher or Controller; or a fully completed Form WH-58.

11. Within 75 days after the Effective Date, Unitil shall deliver to the United States Department of Labor, Wage and Hour Division, the total net amount of any payments for back wages that cannot be distributed to Dispatchers or Controllers in Exhibit A, or to their estates if that be necessary, because of inability of Unitil to locate the proper persons, or because of such person's refusal to accept such sums or failure to return a fully completed form WH-58 within 60 days of the Effective Date.  Unitil may make these payments online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE.  Alternatively, payments may be made in the form of certified check made payable to "Wage and Hour Division—Labor" and delivered to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, Mailstop WHD/19, Philadelphia, Pennsylvania 19103-2968, Attn: Linda Estacio.  Any such check shall have Case Number 1846871 written on the face of the check. When recovered back wages have not been claimed by an individual listed on Exhibit A within three years because of inability to

locate the individual or because of the individual's refusal to accept such sums, the Secretary shall then deposit the back wages into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

12. Unitil shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any individual under this Judgment or in any manner attempt to recover any amounts paid to such individuals in connection with this Judgment. In the event any such amount is received from any individual listed on Exhibit A, Unitil shall immediately remit such amount to the United States Department of Labor at the following address: United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103, Attn: Linda Estacio.

13. Each party shall bear its own fees and costs incurred by such party in connection with or related to this Action.

14. Nothing in this Judgment precludes the Secretary from enforcing its terms or using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action. However, Unitil reserves all defenses to any such claims or actions.

15. This Judgment represents the full and complete terms of the settlement entered into by the Parties with respect to the allegations and remaining claims set out in the Secretary's Complaint in this case.

**APPROVAL BY COURT**

APPROVED and SO ORDERED this _11th__ day of ___December__, 2024.

_____
Honorable Landya B. McCafferty
United States District Court Judge

Respectfully submitted,

| FOR PLAINTIFF, SECRETARY OF LABOR, | FOR DEFENDANT,<br>UNITIL SERVICE COMPANY, |
|---|---|
| Seema Nanda<br>Solicitor of Labor | By its Attorneys,<br>SULLOWAY & HOLLIS, P.L.L.C |
| Maia S. Fisher<br>Regional Solicitor | By: */s/ William D. Pandolph* |
| Mark A. Pedulla<br>Wage and Hour Counsel | _____<br>Willam D. Pandolph, Esq. #5579<br>9 Capitol Street<br>Concord, NH 03301<br>(603) 233-2800<br>wpandolph@sulloway.com |

*/s/ Garrett J. Lee*

_____
Garrett J. Lee (MA BBO No.641876)
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, MA 02203
617-565-2500
lee.garrett.j@dol.gov

`

Attorneys for Plaintiff